IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. JOSEPH H. GOOSTREE**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC3-2015-CR-51   William R. Goodman III, Judge**

_____

**No. M2018-00651-CCA-R3-CD**

_____

Defendant, Joseph H. Goostree, complains on appeal that the trial court improperly sentenced him to serve the balance of his eight-year sentence after he admitted to multiple violations of the conditions of his Community Corrections sentence. Because the trial court did not abuse its discretion, we affirm the judgment of the circuit court and remand for entry of a judgment form dismissing Count 1 of the indictment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Roger Nell, District Public Defender (on appeal); and Ann Kroeger, Assistant Public Defender (at hearing), for the appellant, Joseph Henry Goostree.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 22, 2014, Defendant pled guilty as a Range II, Multiple Offender to one count of theft of property valued over $1000. As a result, he was sentenced to eight years on Community Corrections. The trial court dismissed "Count 1" as part of the plea agreement,[1] ordered Defendant to pay "$15 per month on supervision fees," waived court costs "that may be waived," and declared the litigation tax a "civil debt."

---

[1] The record does not contain the indictment or a judgment dismissing "Count 1" so we are unable to discern the charge in that count.

On December 7, 2017, a warrant was issued alleging Defendant violated several conditions of his Community Corrections sentence. According to the warrant, Defendant failed to report on nine dates between July 11, 2017, and October 19, 2017, and had not reported since October 24, 2017. Additionally, the warrant alleged that Defendant failed to remain drug free by refusing to provide a specimen for a drug screen on July 13, 2017, admitting to using cocaine on July 9, 2017, and testing positive for "THC and Cocaine"[2] on September 5, 2017. According to the warrant, Defendant also admitted to using "THC and Cocaine" on September 5, 2017.

On March 9, 2018, the trial court held a hearing on the violation. At the hearing, counsel for the State explained that this was Defendant's third violation. According to the State, Defendant was found in violation on "November 2nd, [2015 and was] given a hundred and eighty (180) days" to serve before being reinstated to Community Corrections. The next warrant was issued September 9, 2016. The trial court had a hearing on December 8, 2016, where Defendant was found in violation and sentenced to "three hundred and sixty-five (365) days and then reinstated."

Brian Hawkins, Defendant's Community Corrections case officer, explained that Defendant had two prior violations and was most recently released from jail on May 18, 2017. Mr. Hawkins placed Defendant "back on level one" supervision, which required Defendant to have a 6:00 p.m. curfew and to report twice a week to his case officer. Defendant remained on level one in July of 2017 when he admitted to using cocaine on July 9 and refused to provide a urine sample on July 13. Defendant signed an admission form in July of 2017 on which he admitted that he used cocaine. At that point, Mr. Hawkins "did not violate Defendant." Instead, Mr. Hawkins "allowed [Defendant] to try to get back into compliance" and told Defendant the importance of remaining drug free. Despite being granted significant leeway, Defendant continued to have problems with the reporting requirements of his Community Corrections sentence, missing "several reports during the month of August." Defendant reported the following week, citing transportation issues and child care responsibilities for his failure to report. Defendant "missed several reports after that" and did not report again until September 5, 2017. After missing nearly an entire month of reporting, Mr. Hawkins again gave Defendant a break and did not file a warrant alleging a violation of Community Corrections.

When Defendant finally reported on September 5, Mr. Hawkins issued a drug screen to Defendant, who tested positive for both marijuana and cocaine. Defendant admitted to the drug use and signed another acknowledgement form. Mr. Hawkins

---

[2] "THC" is an abbreviation for tetrahydrocannabinol, a crystalline compound that is the main active ingredient of marijuana. *Tetrahydrocannabinol definition*, Dictionary.com, https://www.dictionary.com/browse/tetrahydrocannabinol (last visited Jan. 24, 2019).

"talked to him to see what was going on[,] and [Defendant] said that he was having issues with voices." Defendant was instructed to seek psychological counseling. On September 9, Defendant informed Mr. Hawkins that he had an appointment scheduled at Centerstone for the following week. Defendant continued to report as scheduled until October 3, 2017. Defendant failed to report on both October 3 and 5 but came back the week of October 9-13, and reported on Monday, October 16 but failed to report on October 19. Defendant failed to report again after October 26, 2017. Mr. Hawkins filed a warrant on December 7, after Defendant failed to report the entire month of November.

Defendant admitted that he was in court on his third violation of Community Corrections. However, he claimed he "wouldn't know" how many times he failed to report because he "was usually drunk or high" when he failed to report and "really didn't pay attention to time." Defendant admitted that he failed several drug screens and admitted to drug use during the period of time he was on Community Corrections. Defendant acknowledged that he successfully completed "Synergy" in 2002 but that he started using drugs again in 2013. Defendant also acknowledged that he had failed to seek help for his addiction issues. On cross-examination, Defendant admitted that he knew the effect that missing report dates could have on his Community Corrections sentence.

The trial court noted that Defendant did not have any new criminal activity but found that it was "clear" Defendant violated the terms of his sentence by using illegal drugs. As a result, the trial court ordered Defendant to serve the balance of his sentence in incarceration. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court failed to consider all available options after Defendant admitted that he repeatedly violated his Community Corrections sentence. Specifically, Defendant insists that the trial court should have given "thoughtful and serious consideration" to Defendant's admission about his substance abuse and "returned [him] to [C]ommunity [C]orrections with the additional condition of attending and completing an inpatient drug and alcohol rehabilitation program." The State disagrees.

As an initial matter, we note that "[g]iven the similar nature of a community corrections sentence and a sentence of probation, . . . the same principles are applicable in deciding whether a community corrections sentence revocation was proper." *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). Therefore, any references to probation in the following sections apply equally to community corrections. When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1).

After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

In this case, there was no dispute that Defendant violated the conditions of Community Corrections—he admitted as much on at least two separate occasions by signing acknowledgement forms on which he acknowledged illegal drug use. According to the testimony at the hearing, Defendant's case officer bent over backward to help Defendant, turning a blind eye to multiple violations over a five-month period from July to December of 2017 before finally filing a warrant alleging violations of the conditions of Community Corrections in December of 2017. Defendant offered only corroborating evidence to support his non-compliance.

The trial court noted Defendant's two prior violations of Community Corrections and chose to order Defendant to serve the remainder of his sentence in incarceration on the third warrant. The record, from the beginning to the end, supports that the trial court did not abuse its discretion. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -